ANTHONY KELLY. (The SCOTTISH BRIDE v.) See Case No. 12,551.

ANTHONY MANGIN. The. (UNITED STATES v.) See Case No. 14,461.

ANTHRACITE, The, (HERN v.) See Case No. 6,412.

ANTHRACITE INS. CO., (GERMOND v.) See Case No. 5,365.

---

## Case No. 489.

### The ANTILLES.

[8 Ben. 9.][1]

District Court, E. D. New York. Jan., 1875.

SMUGGLING — GOODS NOT ENTERED ON THE MANIFEST.

In order to sustain a libel against a vessel for the recovery of the penalty imposed by the 24th section of the act of March 2d, 1799, (1 Stat. 646,) for the importation of goods not entered on the manifest, it must be shown that the vessel belonged in whole or in part to a citizen or inhabitant of the United States. The value of the goods omitted must also be shown.

[See, also, U. S. v. Twenty-Six Diamond Rings, Case No. 16,572.]

In admiralty.

A. W. Tenney, Dist. Atty., for United States.

Beebe, Wilcox & Hobbs, for claimant.

BENEDICT, District Judge. This is a proceeding in rem on the part of the United States to enforce against the bark Antilles a penalty incurred by a violation on the part of her master of the 24th section of the act of March 2, 1799, (1 Stat. 646,) which provides that if any goods, wares and merchandise shall be imported or brought into the United States, in any ship or vessel belonging in whole or in part to a citizen or citizens, inhabitant or inhabitants, of the United States, from any foreign port or place, without having a manifest containing a full description of the cargo, in such case the master or other person having charge of such ship shall forfeit and pay a sum of money equal to the value of such goods omitted from the manifest.

The allegations of the libel are all denied by the answer. An examination of the evidence introduced on the part of the government to sustain the libel, shows at least two fatal defects of proof, namely, that there is no evidence to show that the vessel belonged in whole or in part to a citizen or citizens, inhabitant or inhabitants, of the United States; and, further, that there is no evidence as to the value of the goods claimed to have been shown to have been omitted from the manifest. In the absence of any evidence upon these material facts, no decree can be rendered against the vessel.

The libel is accordingly dismissed.

---

[1][Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]